UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA KINSELLA, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02252-JMS-MPB |
| ) | |
| INDIANA UNIVERSITY HEALTH CARE ) | |
| ASSOCIATES, INC., d/b/a INDIANA UNIVERSITY ) | |
| HEALTH PHYSICIANS, ) | |
| ) | |
| Defendant. ) | |

## ENTRY

Plaintiff Sandra Kinsella, M.D. brought this action against Indiana University Health Care Associates, Inc. d/b/a Indiana University Health Physicians ("IU Health") alleging gender discrimination, illegal retaliation, and wrongful discharge. [Filing No. 26 at 3-5.] The case was closed on December 4, 2017 by agreement of the parties following a settlement. [Filing No. 68.] The case was later reopened, and Dr. Kinsella sought leave to amend her Complaint to add new defendants and a claim for conspiracy under 42 U.S.C. § 1985(2). [Filing No. 79.] Magistrate Judge Matthew P. Brookman denied Dr. Kinsella's Motion for Leave to Amend the Complaint, [Filing No. 106], and had the parties file proposed case management plans, [Filing No. 103]. Judge Brookman adopted IU Health's proposed case management plan and entered an Order on Second Amended Case Management Plan. [Filing No. 112.] Dr. Kinsella filed objections to Judge Brookman's Order on Plaintiff's Motion for Leave to Amend Complaint and his Order on Second Amended Case Management Plan. [Filing No. 107; Filing No. 114.] For the reasons set forth below, the Court **OVERRULES** both of Dr. Kinsella's Objections.

1

# I.
## BACKGROUND

On August 9, 2016, Dr. Kinsella filed this lawsuit in state court against IU Health, and on August 24, 2016, IU Health removed the action to this Court. [Filing No. 1.] On December 22, 2016, Dr. Kinsella filed a Second Amended Complaint, asserting the following claims: (1) Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964; (2) Retaliation; and, (3) Wrongful Termination. [Filing No. 26 at 3-5.] However, in her Statement of Claims filed on November 10, 2017, Dr. Kinsella only listed her Title VII gender discrimination claim. [Filing No. 64.]

The parties participated in a settlement conference on November 29, 2017 and they reached a resolution. [Filing No. 66.] The Settlement Agreement stated, in relevant part:

> Dr. Kinsella may ask the Court to re-open the Action to allow the Action to proceed if Drs. Allison, Hardacher, Johnson, Kritzmire or Lathan do not receive a contract renewal during the relevant period, or Dr. Kinsella receives evidence of what she believes to be unlawful gender discrimination against female [IU Health] anesthesiologists by Dr. Presson on the [IU Health] Anesthesiology Division leaders.

[Filing No. 106 at 2.][1] Following settlement, the parties jointly moved for this action to be administratively closed, [Filing No. 67], which motion the Court granted on December 4, 2017, [Filing No. 68].

On March 9, 2019, Dr. Kinsella filed her Notice of Reopening Case, [Filing No. 69], which IU Health opposed, [Filing No. 70]. Judge Brookman held a Status Conference with the parties on March 20, 2019 and ordered that, "[t]o the extent [Dr. Kinsella's] Notice of Reopening (Docket

---

[1] Although the Settlement Agreement is confidential, the parties agreed that this portion of the Settlement Agreement could be made part of the public record. [Filing No. 106 at 2, n. 1.]

No. 69) could be construed as a motion, the Court **DENIES** the motion without prejudice and with leave to refile the motion requesting administrative reopening. . . ." [Filing No. 75.]

Dr. Kinsella filed a Motion to Reopen Case on April 29, 2019, [Filing No. 79], and an Amended Motion to Reopen Case on May 20, 2017, [Filing No. 87], alleging that she learned the five female anesthesiologists she previously deposed in this case were retaliated against after they testified in this action. [Filing No. 87 at 2.] The case was reopened on July 19, 2019. [Filing No. 97.]

Three days later, Dr. Kinsella filed a Motion for Leave to File Third Amended and Supplemental Complaint ("Motion for Leave to Amend"), seeking to add additional defendants—Robert G. Presson, M.D., Indiana University Medical School, and Senthil Sadhasivam, M.D.—and a claim for conspiracy under 42 U.S.C. § 1985(2). [Filing No. 99.] IU Health opposed the motion, [Filing No. 104], and Dr. Kinsella filed a Reply. [Filing No. 105].

On September 27, 2019, Judge Brookman denied Dr. Kinsella's Motion for Leave to Amend, holding that Dr. Kinsella's allegations in her proposed Third Amended Complaint "do not support a claim of conspiracy as there is no coordination between the two proposed defendants," and fail to support the four elements of a conspiracy claim under 42 U.S.C. 1985(2). [Filing No. 106 at 5-6.]

Judge Brookman further found that the "intra-corporate immunity doctrine" barred any conspiracy claim because the two proposed defendants are part of the same entity. [Filing No. 106 at 6.] Although Dr. Kinsella argued that the proposed defendants were employed by different entities, Judge Brookman pointed to the affidavit of one of the female anesthesiologists, Dr. Kritzmire, wherein she stated that her "direct supervisor is Dr. Senthil Sadhasivam, who then reports to Dr. Robert Presson of [IU Health]," [Filing No. 87-4 at 1], and described "*joint* action

by the two proposed defendants to reprimand [her]," [[Filing No. 106 at 6](#) (emphasis in original).] Judge Brookman reasoned that, "even accepting Dr. Kinsella's allegations of discrimination and retaliation as true, the intra-corporate immunity doctrine prevents managers of the same organization from becoming conspirators." [[Filing No. 106 at 6](#).]

Finally, Judge Brookman found that, most significantly, an amendment adding a new claim and new defendants would cause undue delay and prejudice to IU Health and to the Court. [[Filing No. 106 at 6](#).] Accordingly, Judge Brookman found that although Federal Rule of Civil Procedure Rule 15(a)(2) provides that "[t]he Court should freely give leave when justice so requires," the undue delay and prejudice that would result from Dr. Kinsella's proposed amendments were valid reasons to depart from the usual freedom to amend provided in Rule 15(a)(2). [[Filing No. 106 at 6-8](#) (citing *[Murphy v. White Hen Pantry Co.](#)*, 691 F.2d 350, 353 (7th Cir. 1982) (affirming district court's denial of leave to amend because amendment would "inject[] an entirely new theory of liability into the lawsuit, . . . requir[ing] reopening discovery and further delay[ing] the trial.")).] Judge Brookman reasoned that "though Dr. Kinsella was diligent in filing the amended complaint after the Court reopened the case, considerable delay to the litigation process would likely stem from adding this new claim and these new defendants." [[Filing No. 106 at 7](#).]

On October 1, 2019, Dr. Kinsella filed her Objections to United States Magistrate Judge Brookman's Order Denying Her Motion for Leave to File Third Amended and Supplemental Complaint ("<u>Amendment Objection</u>"). [[Filing No. 107](#).]

On October 7, 2019, Dr. Kinsella and IU Health filed competing proposed Case Management Plans. [[Filing No. 109](#); [Filing No. 111](#).] Judge Brookman adopted IU Health's proposed Case Management Plan and rejected the one filed by Dr. Kinsella. [[Filing No. 111](#); [Filing No. 112](#).] On October 17, 2019, Dr. Kinsella filed her Objections to United States

4

Magistrate Judge Brookman's Order on Second Amended Case Management Plan ("Case Management Objection"). [Filing No. 114.]

IU Health opposes both the Amendment Objection and the Case Management Objection filed by Dr. Kinsella, and the Objections are fully briefed and ripe for review. The Court addresses each Objection in turn.

## II.
### LEGAL STANDARD

Review of a magistrate judge's decision on a nondispositive matter[2] is deferential, and the Court may sustain an objection to such an order only where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## III.
### DISCUSSION

**A. Amendment Objection**

Dr. Kinsella argues that Judge Brookman's Order denying her Motion for Leave to Amend was "clearly erroneous" because she has good cause for filing a Third Amended Complaint. [Filing No. 107 at 2.] Dr. Kinsella argues that once she learned of the retaliation against the five

---

[2] Although denying leave to amend may foreclose a plaintiff's opportunity to bring a new claim, "[t]he Seventh Circuit Court of Appeals has held that a magistrate judge's denial of a motion to amend is not dispositive and is subject to review only for clear error." *Dugdale, Inc. v. Alcatel-Lucent USA, Inc.*, 2011 WL 1100249, at *1 (S.D. Ind. Mar. 23, 2011) (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006)).

5

female anesthesiologists she deposed, she was diligent in filing a request to reopen the case and amend her complaint. [Filing No. 107 at 3.] Dr. Kinsella further argues that she adequately alleged all of the elements of a § 1985(2) conspiracy claim, [Filing No. 107 at 4-5], and such claim would not be barred by the intra-corporate immunity doctrine because, she argues, Dr. Presson and Dr. Sahasivam are employed by separated entities, as Dr. Sadhasivam is a professor at the Indiana University School of Medicine in addition to being employed by IU Health. [Filing No. 107 at 6.] Further, Dr. Kinsella argues that the situation here falls into one of the exceptions of the intra-corporate doctrine—where "the conspiracy was part of some broader discriminatory pattern . . . , or . . . permeated the ranks of the organization's employees"—because her proposed Third Amended Complaint alleges that the conspiracy was part of a broad pattern of discrimination at IU Health. [Filing No. 107 at 6 (quoting *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. 508*, 4 F.3d 465, 470-71 (7th Cir. 1993)).] Dr. Kinsella also cites three cases from the Northern District of Illinois, arguing that the intra-corporate immunity doctrine does not apply where an alleged conspiracy involves retaliation against another person in the same organization. [Filing No. 107 at 7.] Finally, Dr. Kinsella argues that Judge Brookman erred when he found that there would be undue delay and prejudice to defendants if Dr. Kinsella was permitted to amend her complaint, because she did not delay in seeking leave to amend her complaint and the nature of the litigation will not be greatly altered with the addition of the conspiracy claim against the additional defendants. [Filing No. 107 at 7.]

IU Health argues that Judge Brookman's decision was correct because Dr. Kinsella's proposed Third Amended Complaint failed to state a claim for conspiracy, [Filing No. 113 at 4], and, in any event, such an amendment would be futile because "in the context of § 1985 claims, 'managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when

acts within the scope of their employment are said to be discriminatory or retaliatory.'" [Filing No. 113 at 6 (quoting *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir. 1990))]. IU Health points out that Dr. Kinsella does not cite to any authority to support her argument that the intra-corporate immunity doctrine does not apply here because at least one of the additional defendants is employed by two entities. [Filing No. 113 at 6.] Even if her contention were true, IU Health argues, Dr. Kinsella's proposed amendment would still fail because she did not allege a single fact that would allow an inference that Dr. Sadhasivam was acting on behalf of the medical school while Dr. Presson was acting on behalf of IU Health in this alleged conspiracy. [Filing No. 113 at 6.]

IU Health also challenges Dr. Kinsella's argument that this case falls within an exception to the intra-corporate immunity doctrine—an argument that IU Health suggests was raised for the first time in Dr. Kinsella's Amendment Objection, and therefore, has been waived. [Filing No. 113 at 6.] According to IU Health, the Third Amended Complaint does not contain any allegations: demonstrating there was a conspiracy to obstruct justice to Dr. Kinsella, [Filing No. 113 at 8], that that any witness was precluded from testifying or attending Court proceedings, or that Dr. Kinsella has been injured by any alleged conspiracy. [Filing No. 113 at 4, n.3.] Finally, IU Health argues that Judge Brookman correctly found that the Court and the Defendants would be prejudiced by the addition of a new claim and new defendants at this late stage of the litigation. [Filing No. 113 at 9.] IU Health posits that Dr. Kinsella's diligence is not at issue here; rather, the problem is that permitting Dr. Kinsella to pursue a conspiracy claim at this stage would result in "considerable delay to the litigation process." [Filing No. 113 at 9 (quoting Filing No. 106 at 7 (internal quotations omitted).] IU Health argues that Judge Brookman accurately addressed this problem when he noted that, if Dr. Kinsella's new claim was added to the case, the Court would have to

7

reopen discovery and the claim "would significantly alter the factual inquiry of the case long after discovery had closed and would require a significant extension of the case management plan." [Filing No. 113 at 9 (quoting Filing No. 106 at 7) (internal quotations omitted).]

In her reply, Dr. Kinsella responds to IU Health's specific arguments raised in its response. [Filing No. 115.] Regarding IU Health's argument that Dr. Kinsella has failed to allege any injury, Dr. Kinsella cites a case from the Sixth Circuit and a case from the Ninth Circuit to support her argument that she need only allege that the conspiracy hampered her ability to effectively litigate the case, which she argues she has done. [Filing No. 115 at 3-4, n. 1.] She also argues that she has not waived her argument regarding her conspiracy claim falling within one of the exceptions to the intra-corporate immunity doctrine because, although she did not specifically cite *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. 508*, 4 F.3d 465 (7th Cir. 1993), in the proceedings before Judge Brookman, all of her briefs submitted up to this point can be read to have put forth the argument that IU Health "has maintained a discriminatory pattern." [Filing No. 115 at 4.] Dr. Kinsella also argues that IU Health is asking this Court to hold her to a heightened pleading standard. [Filing No. 115 at 5.]

Rule 15(a)(2) permits a party to amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, "the right to amend is not absolute." *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982). Leave to amend may be inappropriate where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In support of his decision to deny Dr. Kinsella leave to amend her Complaint, Judge Brookman cited several cases from the Seventh Circuit, including: *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995); *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982); and *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993). In each of these cases, the Seventh Circuit affirmed the district court's denial of leave to amend based on undue delay and prejudice to the defendant. *Sanders*, 56 F.3d at 774 ("[G]ranting Plaintiffs' motion for leave to amend clearly would result in undue delay, as well as prejudice to Venture and the four new defendants, forcing Venture to re-litigate the dispute on new bases . . . and to incur new rounds of additional discovery. . . ."); *Murphy*, 691 F.2d at 353 ("[T]he motion injected an entirely new theory of liability into the lawsuit," which "would have required reopening discovery and further delayed the trial."); *Johnson*, 10 F.3d at 1304 (proposed amendment introduced new claim and new defendants that were "distinct from the allegations raised in the second amended complaint," meaning defendant "would have to engage in substantial additional discovery" and "have to engage in a new contest on different issues—four years after the action was started."). Relying on this authority, Judge Brookman determined that Dr. Kinsella's new conspiracy claim against new defendants "would significantly alter the factual inquiry of the case long after discovery has closed and would require a significant extension of the case management plan," which "would prejudice not only the Defendants but also the Court." [Filing No. 106 at 7-8.] Noting that the deadline for non-expert discovery and discovery related to liability issues had already passed, Judge Brookman explained that "[t]he time and expense involved in additional discovery at this point would create undue delay in the timeline of the litigation." [Filing No. 106 at 7-8.]

The Court agrees that permitting this new, distinct claim to proceed against new defendants at this stage in the litigation would result in considerable delay, and therefore, prejudice. *See Murphy*, 691 F.2d at 353 ("Amending the complaint at this late stage clearly would have prejudiced the defendant, who, having successfully defended against the initial allegations, may have been forced to duplicate its efforts if discovery were reopened."). The Court finds that Judge Brookman's Order denying Dr. Kinsella leave to amend is consistent with the undue delay and prejudice exceptions to Rule 15(a)(2) outlined by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), and is in line with other cases in this Circuit. Therefore, Judge Brookman's Order, [Filing No. 106], is not clearly erroneous or contrary to law. Accordingly, Dr. Kinsella's Amendment Objection, [107], is **OVERRULED**.[3]

**B. Case Management Objection**

Dr. Kinsella objects to the Magistrate Judge's October 8, 2019 Order setting forth a "truncated version of the Court's standard case management plan," for four reasons. [Filing No. 114 at 2-3.] First, Dr. Kinsella argues that Judge Brookman's Case Management Plan "does not comply with the Court's standard or uniform case management plan used in most all civil litigation," as opposed to Dr. Kinsella's proposed plan, which does comply with the Court's standard practice. [Filing No. 114 at 3.] Second, Dr. Kinsella argues that the Case Management Plan makes the assumption that this Court will affirm Judge Brookman's Order denying her Motion for Leave to Amend, because it does not allow her time to conduct discovery for the additional claim and defendants. [Filing No. 114 at 3.] Third, Dr. Kinsella asserts that Judge

---

[3] Because the exceptions to Rule 15(a)(2) are sufficient reasons, alone, for denying leave to amend, the Court need not address the parties' arguments regarding the sufficiency of Dr. Kinsella's allegations in support of her conspiracy claim, nor the futility of the conspiracy claim based on the intra-corporate immunity doctrine.

10

Brookman's Order denying her Motion for Leave to Amend assumes that Dr. Kinsella will lose on summary judgment, because it limits Dr. Kinsella to only conducting one deposition and not conducting any further discovery after that. [[Filing No. 114 at 3-4](#).] Finally, Dr. Kinsella argues that she will be prejudiced by the limitations of Judge Brookman's Case Management Plan. [[Filing No. 114 at 4.](#)] Overall, Dr. Kinsella argues that the October 8, 2019 Order "hampers her ability to reach a just resolution," and that the reopening of the case is not due to any fault on her part, but instead results from IU Health's breach of the Settlement Agreement. [[Filing No. 14 at 4](#).]

In response, IU Health points out that "[a]t the time this case was administratively closed on December 4, 2017, the non-expert and liability discovery deadline had already passed, with the parties agreeing only to take one more deposition." [[Filing No. 119 at 1](#).] IU Health argues that, despite Dr. Kinsella's contentions, the Second Amended Case Management Plan does not make improper assumptions. [[Filing No. 119 at 4](#).] Instead, it includes the appropriate language for the stage at which this case currently sits. [[Filing No. 119 at 3](#).] IU Health agrees that this Court had not yet ruled on her Amendment Objection and that the ruling could change the relevant deadlines; however, IU Health argues that the case must move forward in the meantime and must proceed as it is, not as Dr. Kinsella wants it to be. [[Filing No. 119 at 3](#).] IU Health argues that the Second Amended Case Management Plan does not prejudice Dr. Kinsella because she previously had the opportunity to conduct full discovery on her claims, but now she is seeking to restart the case. [[Filing No. 119 at 4](#).] Further, IU Health argues, it did not breach the Settlement Agreement; rather, the Settlement Agreement included a provision that explicitly allowed the case to be reopened upon the happening of certain events. [[Filing No. 119 at 4](#).] IU Health also argues that Dr. Kinsella has waived her arguments regarding the Case Management Plan because these

11

arguments should have been presented when she submitted her proposed version of the Case Management Plan. [Filing No. 119 at 3.]

In reply, Dr. Kinsella reiterates her argument that the reopening of the case resulted from IU Health's breach of the Settlement Agreement, and Dr. Kinsella argues that she is not the reason for any delay. [Filing No. 120 at 2.] She also argues that she has not waived any argument because it is not this Court's usual practice to require a brief be filed with a proposed Case Management Plan. [Filing No. 120 at 2-3.] Further, she argues, her proposed Case Management Plan does not seek to restart the case, but instead simply recognizes that more discovery is needed given the allegations of IU Health's further discrimination and retaliation. [Filing No. 120 at 3.]

Because this Court has overruled Dr. Kinsella's Amendment Objection, many of her arguments regarding the Second Case Management Plan are moot. Dr. Kinsella is not permitted to proceed with her proposed conspiracy claim, so there is no need for discovery or other deadlines related to that claim. Moreover, there were agreements already in place regarding the remaining deadlines and discovery. In his September 27, 2019 Order, Judge Brookman stated, "[a]s part of the decision to re-open the case, the Court agreed to re-establish the *remaining* deadlines in this matter (i.e. discovery for expert witness, damages discovery, and those related to the final pretrial conference and trial.)" [Filing No. 106 at 7 (emphasis in original).] IU Health also states that the parties had agreed to take only one more deposition—an assertion that Dr. Kinsella does not dispute. *See* Filing No. 119 at 1; *see also* Filing No. 110 at 1. Non-expert discovery and discovery related to liability has already been conducted, and, as Judge Brookman stated, "[y]ears after the original deadlines have passed, this matter must proceed in a timely manner." [Filing No. 106 at 7.] Based on the denial of leave to amend and the current status of the case, the Second Case Management Plan adopted by Judge Brookman is appropriate and is not in any way clearly

erroneous or contrary to law. Accordingly, Dr. Kinsella's Case Management Objection, [114], is **OVERRULED**.

## IV.
### CONCLUSION

Dr. Kinsella clearly disagrees with the Magistrate Judge's evaluation of the proceedings, conclusion that she should not be granted leave to amend her Complaint to add a new claim against new defendants, and decision regarding case management deadlines in this years-old case. But Dr. Kinsella's disagreement does not equate to clear or legal error, and the Magistrate Judge amply justified his decisions with discussions of relevant law and observations from the previous proceedings in this matter. Therefore, the Court:

- **OVERRULES** Dr. Kinsella's Objections to United States Magistrate Judge Brookman's Order Denying Her Motion for Leave to File Third Amended and Supplemental Complaint, [107]; and

- **OVERRULES** Dr. Kinsella's Objections to United States Magistrate Judge Brookman's Order on Second Amended Case Management Plan, [114].

Date: 1/7/2020

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**